UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NANCY PETROSKY )<br>    **Plaintiff** )<br>)<br>v. )<br>)<br>NORTHERN STORAGE & TRANSPORT LTD. )<br>    **Defendant** )<br>) | COMPLAINT<br><br><br><br><br>JURY TRIAL DEMANDED<br><br>DECEMBER 23, 2010 |

## COMPLAINT

1. This is a suit brought by a consumer who has been harassed by Defendant repossession company and debt collector. In this action, Plaintiff asserts claims against Defendant, Northern Storage & Transport, LTD., for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and also includes against it pendent State law claims for intentional infliction of emotional distress, trespass, and for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*

2. The plaintiff, Nancy Petrosky, is a natural person residing in Torrington, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

3. Defendant, Northern Storage & Transport, LTD ("Northern"), is a Domestic Limited Liability Company and is a debt collector as defined by FDCPA § 1692a(6).

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1367, and 1337, and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over the defendant because it is located in Connecticut and engages in business activities within Connecticut.

6. Venue in this Court is proper, because the Plaintiff is a resident and the acts complained of occurred in this state.

7. Plaintiff had financed the purchase of an automobile (the "Vehicle") by co-signing with her daughter a retail installment sales contract that was assigned to Capital One Auto Finance, Inc. ("COAF"), which contract resulted in a debt ("the Debt").

8. Although Plaintiff cosigned on the Vehicle, her daughter was the one who possessed the Vehicle and made payments on it.

9. Sometime around January 2010, Plaintiff's daughter, who was not living with Plaintiff at the time, stopped making payments under the aforementioned retail installment sales contract.

10. COAF hired Northern to repossess the Vehicle.

11. Sometime in the beginning of February 2010, a Northern representative came to Plaintiff's house and started banging on Plaintiff's door; he pressed a badge against the window near that door and screamed at Plaintiff to tell him the location of the Vehicle.

12. Plaintiff was not aware of the Vehicle's location at that time, and she told that Renaissance representative that she did not know the Vehicle's location, but he nevertheless continued to scream at her, and he called her a liar, threatened to go to the police department, take her house, and have her arrested.

13. Plaintiff was living by herself at the time these threats were made, and she found Northern representative's behavior very threatening in that she believed he was about to break through the door and charge into her house, and she worried that she would be arrested and her house foreclosed upon; as a result of these fears and worries, she suffered severe anxiety and humiliation which reduced her to tears.

14. Northern's actions constituted intentional infliction of emotional distress and trespass and violated the FDCPA and CUTPA.

WHEREFORE, the Plaintiff seeks recovery of monetary damages; actual damages (including emotional distress damages) pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k, and actual damages, punitive damages, and attorney's fees pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

**PLAINTIFF, NANCY PETROSKY**

By: _____
Daniel S. Blinn, Fed Bar No. ct02188
Matthew W. Graeber. Fed Bar No. ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Road
Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408  Fax. (860) 571-7457